IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RENE GARRIDO, and SERGIO PATINO, | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 17-CV-3236 |
| v. | ) |
| CHICAGO ORNAMENTAL IRON, INC., JONATHAN SAMEK, and ENRIQUE MONTES, | ) |
| *Defendants.* | ) |

### COMPLAINT

Plaintiffs, Rene Garrido and Sergio Patino, on behalf of themselves and other similarly situated persons, known and unknown, by their attorneys at Villalobos & Associates, hereby submit the following Complaint against Defendants.

### NATURE OF THE ACTION

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), for Defendants' willful failure to compensate Plaintiffs for their overtime hours.

2. Defendants' unlawful compensation practices have denied Plaintiffs and other similarly situated employees their fairly earned wages.

3. Plaintiffs' FLSA collective action consent forms are attached as Exhibit 1.

### THE PARTIES

4. Plaintiff Rene Garrido is a resident of Cook County, Illinois.

5. Plaintiff Sergio Patino is a resident of Cook County, Illinois.

1

6. Defendant Chicago Ornamental Iron, Inc. is a business entity incorporated in the State of Illinois and doing business within this judicial district.

7. Defendant Chicago Ornamental Iron, Inc. is an "enterprise" as defined by 29 U.S.C. 203(r)(1).

8. Defendant Chicago Ornamental Iron, Inc. has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

9. At all relevant times in this Complaint, Defendant Chicago Ornamental Iron, Inc. had a gross annual volume of sales, or business done, of $500,000 or more.

10. Defendant Chicago Ornamental Iron, Inc. engages in "commerce" or produces "goods for commerce" as defined by 29 U.S.C. 203(s)(1)(A).

11. Defendant Chicago Ornamental Iron, Inc. engages in interstate commerce.

12. Defendant Chicago Ornamental Iron, Inc. was Plaintiffs' "employer" as defined by 29 U.S.C. 203(d).

13. Defendant Chicago Ornamental Iron, Inc. was Plaintiffs' "employer" as defined by 820 ILCS 105/3.

14. Defendant Jonathan Samek is the President and owner of Chicago Ornamental Iron, Inc.

15. Defendant Jonathan Samek is a resident of Cook County, Illinois.

16. Defendant Jonathan Samek is and was responsible for the compensation of Plaintiffs as employees of Chicago Ornamental Iron, Inc.

17. Defendant Jonathan Samek is an "employer" as defined by 29 U.S.C. 203(d).

18. Defendant Jonathan Samek is an "employer" as defined by 820 ILCS 105/3.

19. Defendant Enrique Montes is a manager at Chicago Ornamental Iron, Inc.

20. Upon information and belief, Defendant Enrique Montes is resident of Cook County, Illinois.

21. Defendant Enrique Montes is and was responsible for the compensation of Plaintiffs as employees of Chicago Ornamental Iron, Inc.

22. Defendant Enrique Montes is an "employer" as defined by 29 U.S.C. 203(d).

23. Defendant Enrique Montes is an "employer" as defined by 820 ILCS 105/3.

## JURISDICITON AND VENUE

24. This Court has subject matter jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. 1331.

25. This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

26. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all of the events described in this Complaint occurred in this judicial district.

## CLASS AND COLLECTIVE ALLEGATIONNS

27. Plaintiffs bring Count 1 of this Complaint as a collective action pursuant to 29 U.S.C. 216(c).

28. There are approximately 30 to 40 other employees of Defendants that are similarly situated to Plaintiffs (hereinafter referred to as the "Opt-In Employees").

30. Plaintiffs bring Counts 2 and 3 of this Complaint as a class action pursuant to Federal Rule of Civil Procedure 23.

31. Upon information and belief, there are at least 30-40 potential class members for Counts 2 and 3 (hereinafter referred to as "class members").

## FACTS COMMON TO ALL COUNTS

32. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants as defined by the FLSA, the IMWL, and the IWPCA.

33. At all times relevant to this Complaint, the Opt-In Employees and the class members were "employees" of Defendants as defined by the FLSA, the IMWL, and the IWPCA.

34. Plaintiff Rene Garrido worked for Defendants from approximately July 2016 to February 2017 as a metal polisher and finisher.

35. Plaintiff Sergio Patino worked for Defendants from approximately October 2016 to February 2017 as a steel cutter.

36. During the dates of their employment, Defendants directed Plaintiffs to work more than 40 hours per week.

37. During the dates of their employment, Defendants directed the Opt-In Employees and the class members to work more than 40 hours per week.

38. During the dates of their employment, Plaintiffs did in fact work more than 40 hours per week. At all relevant times to this Complaint, Plaintiffs worked approximately 60-65 hours a week. During many weeks of their employment, Plaintiffs worked from approximately 5:00am to approximately 8:00pm or 10pm Monday through Friday, and from approximately 5:00am to approximately 10:00am or 11am on Saturday.

39. During the dates of their employment, the Opt-In Employees and the class members did in fact work more than 40 hours per week. Upon information and belief, at all relevant times to this Complaint, the Opt-In employees and class members worked approximately 60-65 hours a week.

40. All of the overtime hours that Plaintiffs worked were done at the direction of Defendants.

41. All of the overtime hours that the Opt-In Employees and the class members worked were done at the direction of Defendants.

42. At all relevant times to this Complaint, Defendants had knowledge that Plaintiffs were working overtime.

43. At all relevant times to this Complaint, Defendants had knowledge that the Opt-In Employees and the class members were working overtime.

44. When Plaintiffs worked more than 40 hours in a given workweek, Defendants failed to pay them an hourly rate not less than one and a half times their regular hourly rate for all of their overtime hours.

45. When the Opt-In Employees and class members worked more than 40 hours in a given workweek, Defendants failed to pay them an hourly rate not less than one and a half times their regular hourly rate for all of their overtime hours.

46. During Plaintiffs' employment, Plaintiffs complained to Defendants about not receiving adequate compensation for the overtime hours they worked.

47. During the employment of the Opt-In Employees and the class members, the Opt-In Employees and class members complained to Defendants about not receiving adequate compensation for the overtime hours they worked.

48. Defendants informed Plaintiffs that if they did not work overtime, they would be fired.

49. Defendants informed the Opt-In Employees and the class members that if they did not work overtime, they would be fired.

50. Defendants' books and records are material to this action because the books and records may disclose information about the hours worked by Plaintiffs, the Opt-In Employees, and the class members, and the rate of pay for that work.

## COUNT 1

### Collective Action for Violation of the FLSA for unpaid overtime wages

51. Plaintiffs re-allege paragraphs 1-50 as if fully set forth herein.

52. Plaintiffs and the Opt-In Employees are similarly situated.

    (a) Plaintiffs and the Opt-In Employees had similar job duties. Plaintiffs and the Opt-In employees all worked as welders, metal cutters, metal finishers, or performed other similar work. Plaintiffs and the Opt-In employees also all worked in the same building.

    (b) Plaintiffs and the Opt-In Employees all had similar pay provisions. Plaintiffs and the Opt-In employees were all paid by the hour, and were threatened with being fired if they refused to work overtime.

    (c) Plaintiffs and the Opt-In Employees were all victims of a single policy created by Defendants to deprive Plaintiffs and the Opt-In Employees of their earned overtime wages. During weeks when Plaintiffs and the Opt-In Employees worked in excess of 40 hours, Defendants employed the following tactics to achieve its unlawful policy:

        (i) Defendants would reduce the hourly rate of Plaintiffs and the Opt-In Employees to avoid paying them at a rate of one and a half times their regular hourly rate. For example, Plaintiff Rene Garrido's regular hourly rate was $11 per hour. Exhibit 1. But, when Rene Garrido worked more

than 40 hours a week, Defendants reduced his hourly rate to $10.50 per hour, thus compensating him at a rate of $15.75 per hour his overtime hours rather than the required $16.50 per hour. Exhibit 2.

(ii) Defendants failed to pay Plaintiffs and the Opt-In employees a rate one and a half times their regular rate for either some or all of the overtime hours they worked. For example, only part of Plaintiff Rene Garrido's overtime hours were paid at the rate of $15.75 per hour, and some of his overtime hours were paid at a rate of $10.50 per hour and simply labeled "additional" pay on his pay stub. Exhibit 2. Plaintiff Sergio Patino was not paid an overtime rate, and the overtime hours that Defendants did pay him were only paid at a rate of $10.50 per hour and labeled "additional" pay on his pay stub. Exhibit 3.

(iii) Defendants refused to pay Plaintiffs and the Opt-In Employees altogether for some of the overtime hours they worked.

53. Plaintiffs and the Opt-In Employees all suffered from either some or all of the tactics described above that Defendants used to achieve their policy of avoiding properly compensating Plaintiffs and the Opt-In Employees for the overtime hours they worked.

54. Neither Plaintiffs nor the Opt-In Employees worked for the Defendants in an administrative, professional, or executive capacity.

55. Plaintiffs and the Opt-In Employees are not exempt from the overtime provisions of the FLSA.

56. Defendants' failure to pay Plaintiffs and the Opt-In Employees at a rate of one and a half times their regular hourly rate for all the hours they worked in excess of 40 hours per week violated the FLSA.

57. Defendants' failure and refusal to pay overtime wages to Plaintiffs and the Opt-In Employees was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and other similarly situated persons respectfully request that this Honorable Court:

(1) Determine that this action may be maintained as a collective action pursuant to the FLSA;
(2) Enter a judgment in the amount of unpaid overtime wages for all hours worked by Plaintiffs and other similarly situated persons in excess of 40 hours in individual workweeks;
(3) Award liquidated damages in an amount equal to the amount of unpaid overtime wages;
(4) Declare Defendants to be in violation of the FLSA;
(5) Award Plaintiffs reasonable attorneys' fees and costs; and
(6) Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT 2

### Violation of the IMWL for unpaid overtime wages

58. Plaintiffs re-allege paragraphs 1-57 as if fully set forth herein.

59. Plaintiffs will seek to certify their state law claim in Count 2 as a class action pursuant to Federal Rule of Civil Procedure 23.

60. Plaintiffs shall seek to include the following persons in the class:

Any person who was: (1) employed as a manual laborer by Defendants during the time period of three years before the date this Complaint was filed to the present, (2) worked overtime hours for Defendants, and (3) was not properly paid by Defendants for their overtime hours under the FLSA or the IMWL.

61. Plaintiffs will ask this Honorable Court to determine the rights of the parties and to direct the Defendants to account for all hours worked and wages paid to Plaintiffs and the class members during the temporality of the class.

62. The class of current and former employees of Defendants that Plaintiffs seek to represent is so numerous that joinder of all class members is impracticable.

63. Upon information and belief, approximately 30-40 potential class members exist.

64. There are questions of fact or law common to the class, and these common questions predominate over any questions affecting only individual members. These common questions of law and fact include, but are not limited to, whether Defendants failed to pay Plaintiffs and class members overtime wages for all hours worked in excess of 40 hours per week during the class period as required by the IMWL.

65. The claims of Plaintiffs and the class members are all similar. Plaintiffs and the class members are all current or former employees of Defendants who were not properly paid for the overtime hours that they worked.

66. The class representatives, class members, and Defendants have a commonality of interest in the subject matter of this suit and remedy sought.

67. Plaintiffs, as the named class representatives, are able to fairly and adequately represent and protect the interests of the class.

68. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants.

69. A class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

70. Plaintiffs and the class members have been equally affected by Defendants' failure to pay them their earned overtime wages.

71. Class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

72. Defendants violated the IMLW by failing to pay Plaintiffs and the class members overtime wages for all hours worked in excess of 40 hours per individual workweek.

73. Defendants' failure and refusal to pay overtime wages to Plaintiffs and the class members was a willful violation of the IMWL and the IWPCA.

74. Plaintiffs and the class members are entitled to recover unpaid overtime wages for three years prior to filing this suit pursuant to 820 ILCS 105/12(a).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(1) Determine that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.
(2) Enter a judgment in the amount of overtime wages due to Plaintiffs and the class members as provided by the IMWL.
(3) Award statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2.
(4) Declare that Defendants have violated the IMLW.
(5) Award reasonable attorneys' fees and costs of this action as provided by the IMLW.
(6) Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT 3

### Violation of the IWPCA

75. Plaintiffs re-allege paragraphs 1-74 as if fully set forth herein.

76. Plaintiffs will seek to certify their state law claim in Count 3 as a class action pursuant to Federal Rule of Civil Procedure 23.

77. Plaintiffs shall seek to include the following persons in the class:

Any person who was: (1) employed as a manual laborer by Defendants during the time period of ten years before the date of filing of this Complaint to the present; (2) worked overtime hours for Defendants, and (3) was not properly paid by Defendants for their overtime hours under the FLSA or the IMWL.

78. Defendants failed and refused to pay Plaintiffs and the class members all of their earned overtime wages as required by the FLSA and the IMWL.

79. During their course of employment with Defendants, Plaintiffs and the class members had an agreement with the Defendants, within the meaning of the IWPCA, to be compensated for all overtime hours worked at a rate agreed to by the parties.

80. Defendants did not properly pay Plaintiffs and the class members for all overtime hours worked at the rates agree to by the parties and as required by the IMWL.

81. Plaintiffs and the class members were entitled to be compensated for all time worked as agreed to.

82. Plaintiffs and the class members are entitled to recover owed wages for as far as ten years prior to the filing of this suit.

83. Defendants' failure to properly pay Plaintiffs for all of their overtime as required by the IMWL violated the IWPCA.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(1) Determine that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.
(2) Enter a judgment in the amount of overtime wages due to Plaintiffs and the class members as provided by the IMWL and the IWPCA.
(3) Award statutory damages for as provided by the IMWL and IWPCA.
(4) Declare that Defendants have violated the IMWL and IWPCA.
(5) Award reasonable attorneys' fees and costs of this action as provided by the IWPCA.
(6) Grant such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

/s/ Raul Villalobos

Attorney for Plaintiffs

Raul Villalobos
Villalobos & Associates
1620 West 18th Street
Chicago, Illinois 60608
Phone: 312-666-9982
Fax: 312-666-4533
info@villaloboslaw.com
Attorney Number 2902052



EXHIBIT 1

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By signing below, I represent to this Honorable Court that: (1) I have been employed by Chicago Ornamental Iron, Inc., its parents, subsidiary, or affiliated companies within the last three years; (2) During the last three years, I have worked for Chicago Ornamental Iron, Inc., its parents, subsidiary, or affiliated companies in excess of 40 hours in individual work weeks; (3) I have not been paid the overtime wages owed to me pursuant to applicable federal law; and (4) I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act case in my name and on behalf of all persons similarly situated to myself.

Al firmar, yo represento a esta Honorable Corte que: (1) He estado empleado por Chicago Ornamental Iron, Inc., sus padres, subsidiarias o compañías afiliadas en los últimos tres años; (2) Durante los últimos tres años, he trabajado para Chicago Ornamental Iron, Inc., sus padres, subsidiarias o compañías afiliadas en más de 40 horas en semanas de trabajo individual; (3) No me han pagado los salarios de horas extras que se me deben de conformidad con la ley federal aplicable; y (4) yo autorizo a través de este Consentimiento la presentación y enjuiciamiento de este caso de la Fair Labor Standards Act en mi nombre y en nombre de todas las personas que se encuentren en mi misma situación.

Name: Rene Garrido Martines

Signature: *[signature]*

Date: 4/16/17

**Villalobos & Associates**
*Attorneys at Law*
1620 West 18th Street, Chicago, Illinois 60608
312-666-9982 | info@villaboslaw.com

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By signing below, I represent to this Honorable Court that: (1) I have been employed by Chicago Ornamental Iron, Inc., its parents, subsidiary, or affiliated companies within the last three years; (2) During the last three years, I have worked for Chicago Ornamental Iron, Inc., its parents, subsidiary, or affiliated companies in excess of 40 hours in individual work weeks; (3) I have not been paid the overtime wages owed to me pursuant to applicable federal law; and (4) I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act case in my name and on behalf of all persons similarly situated to myself.

Al firmar, yo represento a esta Honorable Corte que: (1) He estado empleado por Chicago Ornamental Iron, Inc., sus padres, subsidiarias o compañías afiliadas en los últimos tres años; (2) Durante los últimos tres años, he trabajado para Chicago Ornamental Iron, Inc., sus padres, subsidiarias o compañías afiliadas en más de 40 horas en semanas de trabajo individual; (3) No me han pagado los salarios de horas extras que se me deben de conformidad con la ley federal aplicable; y (4) yo autorizo a través de este Consentimiento la presentación y enjuiciamiento de este caso de la Fair Labor Standards Act en mi nombre y en nombre de todas las personas que se encuentren en mi misma situación.

Name: Sergio patiño

Signature: sergio patiño

Date: 4-16-17

**Villalobos & Associates**
*Attorneys at Law*
1620 West 18th Street, Chicago, Illinois 60608
312-666-9982 | info@villaboslaw.com



EXHIBIT 2

**Rene Garrido**

| Company | Period Begin | Division |
|---|---|---|
| C9236-00 | 1/22/2017 | |
| Number | Period End | Branch |
| 2854 | 1/28/2017 | 0100 |
| Social Security # | Check Date | Department |
| XXX-XX-2854 | 2/2/2017 | 000200 |
| Hire Date | Check Number | Team |
| 10/1/2016 | 100775 | |

**Chicago Ornamental Iron, Inc**
1737-51 West 47Th St.
Chicago, IL 60609 773 321 9635

## Earnings

| Description | Location / Job | Rate | Hours/Pieces | Current | Year To Date |
|---|---|---|---|---|---|
| Regular | | 11.00 | 40.00 | 440.00 | 1952.00 |
| Overtime | | | | | 252.00 |
| Holiday | | | | | 168.00 |
| Additional $ | | | | | 710.75 |

## Deductions

| Description | Current | Year To Date |
|---|---|---|
| Fed (M/0) (440.00) | 27.37 | 252.26 |
| OASDI (440.00) | 27.28 | 191.12 |
| Medicare (440.00) | 6.38 | 44.70 |
| IL (M/0) (440.00) | 16.50 | 115.61 |

Payville USA

| | | Hours | Current | YTD | | Current | YTD |
|---|---|---|---|---|---|---|---|
| Total Earnings | | 40.00 | 440.00 | 3082.75 | Total Deductions | 77.53 | 603.69 |
| NET PAY | 362.47 | Total Direct Deposits | | 0.00 | Check Amount | 362.47 | 2479.06 |

**Rene Garrido**

| Company Number | Period Begin | Division |
|---|---|---|
| C9236-00 | 1/29/2017 | |
| 2854 | Period End | Branch |
| | 2/4/2017 | 0100 |
| Social Security # | Check Date | Department |
| XXX-XX-2854 | 2/9/2017 | 000200 |
| Hire Date | Check Number | Team |
| 10/1/2016 | 100817 | |

**Chicago Ornamental Iron, Inc**
1237-51 West 47th St.
Chicago, IL 60609 773-321-9635

### Earnings

| Description | Location / Job | Rate | Hours/Pieces | Current | Year To Date |
|---|---|---|---|---|---|
| Regular | | 10.50 | 40.00 | 420.00 | 2372.00 |
| Overtime | | 15.75 | 4.00 | 63.00 | 315.00 |
| Holiday | | | | | 168.00 |
| Additional $ | | 11.00 | 0.00 | 89.00 | 799.75 |

### Deductions

| Description | Current | Year To Date |
|---|---|---|
| Fed (M/0) (572.00) | 42.92 | 295.18 |
| OASDI (572.00) | 35.46 | 226.58 |
| Medicare (572.00) | 8.29 | 52.99 |
| IL (M/0) (572.00) | 21.45 | 137.06 |

Payville USA

| | | Current | YTD | | Current | YTD |
|---|---|---|---|---|---|---|
| Total Earnings | | 44.00 | 572.00 | 3654.75 | Total Deductions | 108.12 | 711.81 |
| NET PAY | 463.88 | Total Direct Deposits | | 0.00 | Check Amount | 463.88 | 2942.94 |



EXHIBIT 3

**Sergio Patino**

| | | |
|---|---|---|
| Company: C9236-00 | Period Begin: 1/29/2017 | Division: |
| Number: 2637 | Period End: 2/4/2017 | Branch: 0100 |
| Social Security #: XXX-XX-2637 | Check Date: 2/9/2017 | Department: 000200 |
| Hire Date: 8/11/2016 | Check Number: 100834 | Team: |

**Chicago Ornamental Iron, Inc**
1237 S1 West 47Th St.
Chicago, IL 60609 773-321-9635

### Earnings

| Description | Location / Job | Rate | Hours/Pieces | Current | Year To Date |
|---|---|---|---|---|---|
| Regular | | 10.50 | 40.00 | 420.00 | 2352.00 |
| Holiday | | | | | 168.00 |
| Additional $ | | 10.50 | 0.00 | 102.38 | 795.39 |

### Deductions

| Description | Current | Year To Date |
|---|---|---|
| Fed (M/2) (516.14) | 19.40 | 134.52 |
| OASDI (516.14) | 32.00 | 203.24 |
| Medicare (516.14) | 7.48 | 47.52 |
| IL (M/2) (516.14) | 16.22 | 104.09 |
| 125 Dental | 6.24 | 37.44 |

Payville USA

| | Hours | Current | YTD | | Current | YTD |
|---|---|---|---|---|---|---|
| Total Earnings | 40.00 | 522.38 | 3315.39 | Total Deductions | 81.34 | 526.81 |
| NET PAY 441.04 | | Total Direct Deposits | 0.00 | Check Amount | 441.04 | 2788.58 |