IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENE GARRIDO and SERGIO PATINO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 17 C 3236 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| CHICAGO ORNAMENTAL IRON, INC., ) | |
| JONATHAN SAMEK, and ENRIQUE MONTES, ) | |
| ) | |
| Defendants. ) | |

**THE PARTIES' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs Rene Garrido and Sergio Patino (collectively "Plaintiffs") and Chicago Ornamental Iron, Inc. and Jonathan Samek ("Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Their Motion for Approval of Settlement ("Motion"). The Parties state as follows:

**I.       PROCEDURAL HISTORY**

On April 28, 2017, Plaintiffs filed this action seeking unpaid overtime wages in violation of the Fair Labor Standards Act and ("FLSA") Illinois Minimum Wage Law ("IMWL"). Dkt. 1.[1] Plaintiffs filed a Motion for Class Certification, which was denied. The Court, however, gave leave for interested persons to file consent forms. There are currently twenty-three (23) opt-in Plaintiffs.

---

[1] The original Complaint contained a claim under the Illinois Wage Payment and Collection Act; however, it was dismissed after Defendants filed a Motion to Dismiss that claim. Dkt. 22.

Over the last two years, the Parties engaged in extensive discovery, including exchanging written discovery, documents and taking over a dozen depositions. In February 2019, the parties attended a settlement conference before then-Magistrate Judge Mary M. Rowland, but no settlement was reached at that time. A bench trial was set for May 28, 2019, but it was continued by the Court's own Order to September 5, 2019. Dkt. 112. Between May 2019 and August 2019 the Parties continued their settlement negotiations that culminated in a settlement. The total settlement amount is $140,000. A copy of the Settlement Agreement is attached as Exhibit 1.

II. STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

Settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Settlement of FLSA claims, including FLSA collective action claims, does not implicate the same due process concerns as do Rule 23 actions. *Furman v. At Home Stores LLC,* 1:16-CV-08190, 2017 WL 1730995, at *1 (N.D. Ill. May

1, 2017), *citing Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class actions that are not present in FLSA collective actions). For the reasons set forth below, the proposed settlement is fair and reasonable and it should be approved.

### III. ARGUMENT

The total settlement is $140,00 that will be paid in installments with the first payment of $15,000 made within 30 days of Court approval and $10,000 payments each month thereafter until the entire settlement amount is paid in 13 months. The installment payments were necessary in order for Defendants to pay the total settlement amount, and Plaintiffs' counsel agree.

The settlement reached by the Parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and the IMWL and any other possible claims of the Plaintiffs. The agreement reached is the result of extensive negotiations between the Parties to resolve this matter. The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by Plaintiffs, and also take into account the specific risks and uncertainties associated with this litigation. The Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients after a production of extensive discovery and depositions.

#### A. *Bona Fide* Disputes Exist

The settlement of the instant action involves a *bona fide* dispute. Plaintiffs alleged that they were not paid overtime through a policy of not paying the proper overtime rate of pay. This case has been litigated for over two years, including filing of a Motion for Class Certification and an evidentiary hearing on that Motion. If the case did not settle, the Court would have ruled on Defendants' pending Motion for Partial Summary Judgment and the case would have proceeded

to trial. There was no certainty that either party would have prevailed on the Motion for Partial Summary Judgment or at trial contained no certainties for either Party. Additionally, the Parties would have spent time and money preparing for and conducting a trial.

### B. The Settlement is Fair and Reasonable

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9, n.9 (N.D. Ill. Oct. 6, 2011).

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, the uncertainties for a favorable outcome, and range of reasonableness of the settlement fund in light of the best possible recovery. All Parties recognized the risks inherent in proceeding with the litigation. Defendants recognized their potential exposure if Plaintiffs prevail at trial. Plaintiffs recognized the risk that they could lose on summary judgment or at trial and not recover all or any of their alleged damages.

Moreover, the settlement is appropriate at this stage of the proceedings given two years of discovery, more than a dozen depositions and having already participated in a settlement conference with then-Magistrate Judge Mary M. Rowland. There is no question that the Parties

4

have sufficient information to assess the risks of assessing liability, damages and the defenses in this case.

Additionally, the settlement is well within the range of possible recovery. As in all wage and hour claims, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, a range of possible damages existed depending on factors including, but not limited to, the Parties and their witnesses' credibility, testimony, Defendants' knowledge, willfulness and good faith and whether the statute of limitations should be extended to three years and/or if liquidated damages should be assessed.

The settlement is based on the number of hours that each Plaintiff worked overtime for each workweek during a three-day period and multiplying time and one-half of what Plaintiffs believe should have been their regular rate of pay to arrive at back pay to each Plaintiff plus an equal amount in liquidated damages. Plaintiffs consent to the distribution of the settlement contained in Exhibit 2.

Based on the aforementioned factors, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement are fair, reasonable, adequate, in the best interests of the Parties, and not worth the costs and risks associated with summary judgment and a trial. Plaintiffs' counsel seek from the total settlement amount the following as payments for their attorneys' fees and costs: (1) Villalobos & Associates seeks $26,66.62,000 and (2) Law Office of Brian D. Massatt seeks $20,000. Defendants do not oppose these attorneys' fees and costs.

IV. **CONCLUSION**

For all the above reasons, the Parties respectfully request an order: (1) approving the Settlement Agreement attached as Exhibit 1, including the release of claims, the payments to Plaintiffs as contained in Exhibit 2; (2) the payment of attorneys' fees and costs set forth

5

therein as full and final satisfaction for attorneys' fees and costs; and (3) dismissing the action initially without prejudice, which will automatically become a dismissal with prejudice fourteen (14) days after the date that the last payment is due, unless a motion is filed to reopen the case solely for purposes of enforcing the Settlement Agreement.

| | |
|---|---|
| Dated: October 2, 2019 | Respectfully submitted, |
| CHICAGO ORNAMENTAL IRON, INC., AND JONATHAN SAMEK | RENE GARRIDO AND SERGIO PATINO |
| By: /s/ Antonio Caldarone  <br> One of their Attorneys | By: /s/ Brian D. Massatt  <br> One of their Attorneys |
| Antonio Caldarone  <br> Laner Muchin, Ltd.  <br> 515 N. State St., Suite 2800  <br> Chicago, IL 60654  <br> (312) 467-9800  <br> (312) 467-9470 (fax)  <br> acaldarone@lanermuchin.com | Raul A. Villalobos  <br> Mark Villalobos  <br> Villalobos & Associates  <br> 1620 West 18th Street  <br> Chicago, IL 60608  <br><br> Brian D. Massatt  <br> Law Office of Brian D. Massatt  <br> 8824 Glenshire Street  <br> Tinley Park, Illinois 60487 |

## **CERTIFICATE OF SERVICE**

I, Antonio Caldarone, an attorney, hereby certify that on October 2, 2019, I caused to be served a copy of the foregoing **The Parties' Memorandum of Law in Support of Their Motion for Approval of Settlement**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Raul A. Villalobos
> Mark Villalobos
> Villalobos & Associates
> 1620 West 18th Street
> Chicago, IL 60608
>
> Brian D. Massatt
> Law Office of Brian D. Massatt
> 8824 Glenshire Street
> Tinley Park, Illinois 60487

> /s/Antonio Caldarone
> Antonio Caldarone